STATE OF WEST VIRGINIA

FILED

November 12, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**HAROLD SIMS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1046**  (BOR Appeal No. 2048353)
                        (Claim No. 2012037816)

**MARION COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harold Sims, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Marion County Board of Education, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed an April 26, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's June 11, 2012, decision rejecting Mr. Sims's application for workers' compensation benefits based on the existence of a pre-existing condition, and the Office of Judges held that the record contains insufficient evidence to demonstrate that Mr. Sims sustained a compensable injury on March 30, 2012.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] This Court notes that the April 26, 2013, holding of the Office of Judges, which was affirmed in the September 23, 2013, Board of Review Order, contains an apparent typographical error insofar as the date of the alleged injury is represented as March 30, 2012, in the Office of Judges' Conclusions of Law. Mr. Sims has never alleged that he sustained an occupational injury on March 30, 2012, and has consistently maintained that he was injured on April 3, 2012.

Mr. Sims alleges that he sustained injuries to his back and right leg on April 3, 2012, while lifting a large bag filled with books. Following the alleged injury, Mr. Sims sought treatment at Monongalia General Hospital's emergency department and reported pain and swelling in the right leg that began four days prior. Treatment notes indicate that he did not report sustaining an occupational injury and further indicate that Mr. Sims reported seeking treatment for the same condition the previous week. Also on the alleged date of injury, an Employee's and Physician's Report of Injury was completed and indicates that Mr. Sims was experiencing right leg pain. The physician's portion of the form indicates that Mr. Sims's current condition is the direct result of a non-occupational condition, and further indicated that no description or history of an injury or overuse was given.

On April 7, 2012, Mr. Sims returned to Monongalia General Hospital's emergency department. Treatment notes from that date indicate that Mr. Sims reported pain, swelling, and numbness in the right leg with no history of an injury that began seven days prior. On April 9, 2012, Mr. Sims sought treatment with Wilbur Sine, M.D., who noted that Mr. Sims reported experiencing lower back pain for the last three days. Dr. Sine also noted that Mr. Sims denied sustaining an occupational injury. An Employer's Report of Injury was completed on April 10, 2012, and indicated that the Marion County Board of Education was informed promptly that the alleged injury had occurred.

On April 30, 2012, Mr. Sims sought treatment with Frederick Blume, M.D., and reported that he was experiencing pain in the lumbar and thoracic spine following an April 3, 2012, occupational injury. Mr. Sims next sought treatment with Chuanfang Jin, M.D., on May 2, 2012. She noted that Mr. Sims was seen in order to establish a relationship regarding an April 3, 2012, occupational injury. On June 11, 2012, the claims administrator rejected Mr. Sims's application for workers' compensation benefits based on an apparent finding that his current symptoms arose from a pre-existing condition.

Mr. Sims was deposed on November 26, 2012. He testified that when he arrived at Monongalia General Hospital's emergency department on April 3, 2012, he immediately reported that he sustained an occupational injury and would be filing a workers' compensation claim. Additionally, Mr. Sims testified that on the alleged date of injury his symptoms consisted of immediate pain in the thoracic and lumbar spine. Bill Hennessey, M.D., performed an independent medical evaluation on December 7, 2012, and opined that there is insufficient medical evidence to conclude that Mr. Sims was injured at work on April 3, 2012. Dr. Hennessey noted that the record contains multiple medical forms documenting pre-existing pain complaints in the areas Mr. Sims alleges he was injured on April 3, 2012. Additionally, Dr. Hennessey noted that Mr. Sims had been repeatedly treated for back pain beginning in at least 2007. Finally, Dr. Hennessey concluded that Mr. Sims's medical record contains an "incredible number of inconsistencies".

In its Order modifying the June 11, 2012, claims administrator's decision, the Office of Judges held that Mr. Sims failed to demonstrate that a compensable injury occurred on April 3,

2012. Mr. Sims disputes this finding and asserts that the evidence of record clearly demonstrates that he sustained a compensable injury in the course of his employment on April 3, 2012.

The Office of Judges noted that the treatment records from Monongalia General Hospital's emergency department dated April 3, 2012, and April 7, 2012, indicate that Mr. Sims did not sustain an occupational injury on April 3, 2012, and further noted that both sets of treatment notes indicate that Mr. Sims reported the onset date of his current symptoms as prior to the alleged date of injury. The Office of Judges also took note of the fact that the initial report of injury submitted by Mr. Sims clearly indicates that an occupational injury did not occur. Finally, the Office of Judges concluded that although Mr. Sims may have experienced right leg and back pain while at work on April 3, 2012, the evidence of record is insufficient to demonstrate that he sustained a compensable injury on April 3, 2012. The Board of Review reached the same reasoned conclusions in its decision of September 23, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3